## OSCAR BLOOMQUIST AND ANOTHER v. COUNTY OF ISANTI AND OTHERS.[1]

May 5, 1922.

No. 22,919.

**Newspaper—statutory requirement of bids not applicable to official publications.**

1. G. S. 1913, § 1091, providing that a contract for work and labor exceeding a stated amount shall not be let without first advertising for public bids, does not apply to the letting of the contract for the publication of the proceedings of the county board, of the county board of equalization, and the annual statement.

**Temporary injunction against contracts for publication proper.**

2. A newspaper offered to publish at a stated price. There was no other offer. The county board rejected the offer. It then made such newspaper the official paper for certain publications, and another for certain other publications, in each case at prices greatly in excess of the offer. The statute contemplates that the publication shall go to the lowest bidder but that the board may reject an offer, if in its judgment the best interests of the public require, and designate another paper without reference to the rejected offer. It is *held* that the situation justified the trial court in the exercise of its discretion in granting a temporary injunction against the carrying out of the contracts.

Action in the district court for Isanti county by taxpayers to restrain the county board from performing certain contracts for county printing. From an order, Bardwell, J., granting plaintiff's motion for a temporary injunction, defendants, except E. E. Carlson and L. O. Carlson, appealed. Affirmed.

*Godfrey G. Goodwin* and *Hoke, Krause & Faegre,* for appellants.
*John W. Clover* and *Will A. Blanchard,* for respondents.

DIBELL, J.

Action by taxpayers of Isanti county to restrain the county board and others from performing certain contracts for the publication of

[1]Reported in 188 N. W. 64.

official proceedings required to be made in a newspaper of the county. The trial court granted a temporary injunction. Certain of the defendants appeal.

1. By G. S. 1913, § 1091, it is provided that "no contract for work or labor, or for the purchase of furniture, fixtures, or other property, or for the construction or repair of roads," etc., where the estimated cost or value exceeds $500, shall be made without first advertising for bids. There was no call for bids. The cost exceeded $500.

The plaintiff claims that the statute applies and that the contracts were necessarily invalid, and that for this reason if for no other the injunction was justified. In our opinion it was not necessary to advertise for bids. The publication in certain newspapers does not come within the term of "work and labor" as used in the statute. See Dewell v. Board, 8 S. D. 452, 66 N. W. 1079. There runs through the statutes, as noted in the next paragraph, the requirement that the publication be let to the lowest bidder; but there is no requirement that there be a previous advertising, and there is a provision that the board, if the public interests require, may reject any offer.

2. The North Star offered to publish the commissioners' proceedings, and all other proceedings required to be published, at 18 cents per folio for the first insertion and 9 cents per folio for each subsequent insertion. No other offer was made. The offer was rejected. The board then designated The News as the official paper for the publication of the financial statement and the proceedings of the board of county commissioners at 50 cents per folio for the first insertion and 25 cents for each subsequent insertion; and it designated The North Star as the official paper for the publication of the proceedings of the board of equalization and all official notices at 50 cents per folio for the first insertion and 25 cents for each subsequent insertion.

By G. S. 1913, § 690, the county board is required to publish its official proceedings in some newspaper of the county, the contract to be let to the lowest bidder. But "the board may reject any offer, if, in its judgment, the public interests so require, and may thereupon designate a paper without regard to any rejected offer." There

seems to be no specific requirement as to the publication of the financial statement (section 695), apart from the provisions of section 690; and the proceedings of the county board of equalization are to be published as other proceedings of the county commissioners. Section 2042.

We have then this situation: The statute contemplates that the lowest bidder shall have the publication. It vests discretion in the board to reject an offer if in its judgment the public interests require. The board rejected the offer of the only bidder. It then divided the publications between this bidder and another paper not bidding at a price greatly in excess of the offer. It had instructed the county auditor not to call for bids. There is enough to suggest arbitrary action on the part of the county board and to justify the court, in the exercise of its discretion, in granting a temporary injunction.

Order affirmed.