## STATE EX REL. GEORGE M. JENSEN PRINTING COMPANY v. S. F. SNIVELY AND OTHERS.[1]

October 12, 1928.

No. 26,851.

**Court will not interfere with award of city printing contract under home rule charter of Duluth.**

Under a charter provision providing for letting contracts to the lowest bidder but stipulating also that the council may reject any and all bids, there can be no judicial interference with an award of a printing contract to a high bidder assuring a large and general daily circulation as against a low bidder offering only a relatively small weekly circulation.

Municipal Corporations, 44 C. J. § 2210 p. 112 n. 2.

---

See note in 38 L.R.A.(N.S.) 653; 22 R. C. L. 613.

Mandamus in the district court for St. Louis county upon the relation of plaintiff directed to defendants as members of the city council of Duluth to compel the letting to relator of a contract for city printing. There were findings for respondents, and relator appealed from an order, Grannis, J. denying its motion for a new trial. Affirmed.

*Jenswold, Jenswold & Dahle,* for relator.

*John B. Richards,* City Attorney, and *F. H. DeGroat,* for respondents.

STONE, J.

Mandamus against the members of the city council of Duluth to compel the letting to relator of a contract for city printing. The

[1]Reported in 221 N. W. 535.

decision below was against relator, and it appeals from an order denying its alternative motion for amended findings and conclusions of law or a new trial.

Relator publishes the Weekly Advertiser, and the News Tribune Company, another corporation, the Duluth News Tribune. The Advertiser is a weekly with a paid circulation not exceeding 3,100 in limited sections of Duluth. The Tribune is a daily with a paid circulation of over 30,000 and reaches all sections of the city. December 19, 1927, the city council opened and considered bids for printing its proceedings and other legal publications for the city. There was a third bid on behalf of the Duluth Herald, the other two being by relator and the Tribune company. Relator's bid was the lowest, notwithstanding which the contract was awarded the Tribune.

Relator takes position upon certain provisions of the home rule charter of Duluth. While the argument has raised other questions, it is sufficient for present purposes to refer to c. IV, § 31. It provides that "in all cases of work to be done by contract" with certain exceptions not here material, the work "shall be let to the lowest responsible bidder." In that connection it is provided also that "the council may, however, reject any and all bids." So, while the policy is declared of letting contracts by public bidding and to the lowest responsible bidder, the council is given a discretion to reject in the public interest not only all bids but also any bid or bids. Bloomquist v. County of Isanti, 152 Minn. 126, 188 N. W. 64; Gunning G. & P. Co. v. City of New Orleans, 45 La. Ann. 911, 13 So. 182; Brown v. City of Houston (Tex. Civ. App.) 48 S. W. 760; anno. 38 L.R.A.(N.S.) 653, 657.

In this case the council, upon the advice of the city attorney, may have been of the view that other provisions of the charter which it is not necessary for us to consider required the printing in question, or at least a portion of it, to appear in a daily rather than a weekly paper. It appears also that the council thought, and with good reason, that because publicity was the object in view, the daily paper with a large and general circulation would much better attain

that end than a weekly with a circulation both small in number and restricted as to area. Compare Cain v. County of Wabasha, 164 Minn. 142, 204 N. W. 916. Another point is that under c. X, § 78, of the city charter "easements for slopes, fills, sewers, building lines, poles, wires, pneumatic tubes and pipes and conduits for water, gas, wires, heat and power" are acquired by the exercise of the power of eminent domain as provided in L. 1903, p. 290, c. 194, which has been amended by L. 1919, p. 672, c. 504, 1 Mason Minn. St. §§ 1321-1 to 1321-7. The latter act requires the appraisers, in case of condemnation, to give notice by publication "in the official newspaper of the city for two consecutive days" that they will meet at a designated place and time for the purpose of viewing the premises and appraising the damages for property to be taken. There would be difficulty in giving such notice for two consecutive days in the official newspaper of the city if the latter were a weekly rather than a daily. There was so much discretion vested by the charter in the council and so much apparent ground for exercising it as they did that we find no possible justification for judicial interference. It cannot be said that their action was arbitrary or capricious.

The numerous assignments of error not covered by the foregoing have not been overlooked. The decisive point last discussed makes further consideration futile. It is a sterile objection that the submission of the successful bid in the name of the publication, "Duluth News Tribune," instead of in the corporate name of the bidder, "News Tribune Company," prevented the award of the contract to it. There is no question as to the identity of the bidder nor of the binding quality of its bid and the resulting contract.

Counsel have not raised and therefore we do not discuss the question whether the lowest but unsuccessful bidder for public work, suing in that capacity and no other, has any standing in mandamus to compel the letting of the contract to him under a charter or statutory provision requiring competitive bidding and letting of the contract to the lowest bidder. There is good authority that such provisions of statutes and charters are ordinarily for the benefit of taxpayers rather than bidders and confer no action-

able rights upon the latter.   Colorado Pav. Co. v. Murphy (C. C. A.) 78 F. 28, 49 U. S. App. 17, 37 L. R. A. 630.

Order affirmed.