## H. C. HENDRICKSON v. W. J. BANNITZ.[1]

May 31, 1935.

No. 30,397.

*C. J. Foley,* for appellant.
*Gustav C. Axelrod,* for respondent.

JULIUS J. OLSON, JUSTICE.

Action to recover upon a promissory note. Defendant denied execution thereof and averred that at the time of its alleged making "plaintiff exhibited a ring to defendant and placed the value of the same in the sum of three hundred fifty ($350) dollars. That thereupon defendant stated that he desired to show said ring to his fiancée and desired to take the same from the store for that pur-

[1]Reported in 261 N. W. 189.

pose. That pursuant to said request the plaintiff permitted the defendant to take the ring and at said time had defendant sign a slip of paper which defendant was of the opinion was a receipt for said ring or a memorandum to the effect that said ring would be returned in the event defendant's fiancée was not satisfied with the same." At the trial defendant testified:

"He wanted to know when I was going to be married, and I said I didn't know. I told him I was going with a young lady that I was in hopes I would marry, and he suggested that I buy a diamond ring for her. I said I didn't know whether she would accept a diamond ring, I had not even proposed to her. I said, 'I am not making very much money, and I couldn't afford a ring.' I said, 'I am going to talk it over with her.' He said, 'Why don't you take a diamond ring down, and maybe that will sell her on the idea.' * * * I had no knowledge of diamonds, and he picked out a diamond ring and he says, 'There is a diamond ring valued at $300,' he told me at that time. 'Now,' I says, 'I don't know when I can bring this ring back.' I didn't know whether I could get down to Waterville this week or next week. And he says, 'That is all right. Bring it back as soon as you have talked it over with her.' He put the ring in a box and wrapped it up, and just as I was ready to leave he says, 'W. J.'—he always called me W. J.— he says, 'I would like to have something to show that I gave you that diamond ring in the event that you are killed or something serious happens, I would like to have you sign a receipt to indicate, as evidence that I let you use that diamond ring.' And I signed that slip of paper. I knew Mr. Hendrickson real well, and I signed a little slip of paper. There was nothing on the slip of paper that I signed at that time—"

Defendant took the ring to his fiancée and talked matters over with her. They both came to the conclusion that the ring was too expensive and that defendant could not afford to buy such a costly present, so they both went to plaintiff's store and returned the ring. This was about a week after it was turned over to defendant. At that time plaintiff tried to sell a ring more suitable to their financial

capacity to pay, but nothing came of it. Plaintiff's testimony is that defendant selected the ring, gave his promissory note for it, went away with it, and about a week later came back, having changed his mind, and said he did not want it. Upon these conflicting issues the case was submitted to the jury. The jury found for defendant. Judgment was entered upon the verdict, and plaintiff appeals.

The assignments of error raised in the court below are: (1) That the verdict is contrary to law; (2) that it is not justified by the evidence; (3) errors of law occurring at trial and excepted to thereat; (4) that the verdict was the result of passion and prejudice on the part of the jury. Upon appeal plaintiff assigns as error: (1) The denial by the trial court of his motion for a directed verdict; (2) denial of his motion for judgment notwithstanding the verdict; (3) failure of the court to charge the jury that proof of failure or want of consideration rested upon defendant; and (4) that the court erred in admitting testimony to vary the terms of a written instrument. From what has been stated it seems clear that the verdict is not contrary to law, nor can it be said to be contrary to the evidence.

■ Plaintiff did not assign as error below failure to charge in respect of burden of proof; hence that alleged error cannot now be considered. This is likewise true regarding the assignment that the court erred in admitting testimony to vary the terms of a written instrument, *i. e.* the promissory note. 1 Dunnell, Minn. Dig. (2 ed.) §§ 358a and 359, and cases cited.

■ There is no quarrel with plaintiff's statement of the law that "a parol, contemporaneous agreement is inoperative to vary or contradict the terms which have been reduced to writing." McCreight v. Davey Tree Expert Co. 191 Minn. 489, 254 N. W. 623. But that rule does not aid him because "parol evidence is admissible to show that an instrument was delivered to take effect and become operative only on the happening of a certain contingent future event." 2 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 3377; Skelton v. Grimm, 156 Minn. 419, 195 N. W. 139.

■ Fact issues alone were presented. In a charge free from criticism on the part of counsel for either party the jury determined the facts contrary to plaintiff's contentions. The trial court having approved thereof and there being ample evidence to sustain the same, we are not at liberty to interfere.

Judgment affirmed.