GEORGE L. BARNARD v. COUNTY OF KANDIYOHI
AND OTHERS.[1]

July 31, 1942.

No. 33,132.

[1]Reported in 5 N. W. (2d) 317.

*Roy A. Hendrickson,* for appellants.
*George L. Barnard, pro se.*

HOLT, JUSTICE.

Defendants appeal from the order denying their motion in the alternative for amended findings or a new trial.

This action was brought by plaintiff in his own behalf as taxpayer of Kandiyohi county and in behalf of others similarly situated to enjoin the auditor and treasurer of the county from paying the unpaid one-half of the purchase price of an addressograph multigraph machine purchased by the county board under a contract made on January 2, 1940, with The Addressograph Multigraph Company, a corporation, the purchase price being $2,952.06.

The contract is attacked solely on the ground that it was made without first advertising for bids in compliance with Mason St. 1927, § 991, so far as here pertinent, reading:

"In counties having less than seventy-five thousand population, no contract for work or labor, or for the purchase of furniture, fixtures, or other property, or for the construction or repair of roads, bridges, or buildings, the estimated cost or value of which shall exceed five hundred dollars, shall be made by the county board without first advertising for bids or proposals in some newspaper of the county.   *   *   *   Every contract made without compliance with the provisions of this section shall be void."

A proviso in the section excuses compliance in case of emergency, here nonexistent.

The assignments of error in this court are six in number. There are eight separate findings of fact distinctly numbered. Some of these are admitted by the pleadings and others are correct beyond a doubt. The fifth finding of fact is decisive of the appeal, but there is no assignment of error that it is not sustained by the evidence. The sixth assignment, "that the trial court erred in denying defendants' motion for a new trial," is of no avail. 1 Dunnell, Dig. & Supp. § 361, note 1; Peterson v. New England F. & C. Co. 210 Minn. 449, 450, 299 N. W. 208.  Furthermore, defendants are

not in position to assail any ruling made in the trial, for, although they offered to prove that the machine purchased was a patented article, that there was no other machine capable of doing like work with respect to tax statements, that it could be procured only at one standard price in this country, and that it had no competitor, the court sustained plaintiff's objection thereto, and defendants took no exception to the ruling, nor, in the motion for a new trial, were there any errors assigned in respect to the same. So there is no possible ground on which this court can reverse the order denying a new trial.

The only question which the appeal presents is whether the conclusions of law are justified by the findings of fact. As above intimated, the fifth finding of fact is decisive of the appeal. It reads:

"That the said company [the vendor] was not and is not the only manufacturer making nor the only source selling machines equipped, designed and intended to be used and used for the same purpose; that the machine in question was not an exclusive device in this that it was not the only machine upon the market to meet the requirement it was intended to accomplish; and that the machine was and is a product that was and is a subject of competition and that admitted of competitive bids."

That the price of this machine exceeded $500 did not necessarily require the advertising for bids under said § 991 before the county board could make a valid contract for its purchase. Where the contract is for personal service, as, for instance, the employment of an attorney, or an agent, or for the publication of official proceedings, or for the services of an architect, we have held that the section does not apply. City of Moorhead v. Murphy, 94 Minn. 123, 102 N. W. 219, 68 L. R. A. 400, 110 A. S. R. 345, 3 Ann. Cas. 434; First Nat. Bank v. County of Cook, 146 Minn. 103, 177 N. W. 1013; Bloomquist v. County of Isanti, 152 Minn. 126, 188 N. W. 64; Krohnberg v. Pass, 187 Minn. 73, 244 N. W. 329. But the quoted fifth finding places this machine within the quoted pur-

view of said § 991, and justifies the conclusion of law that the contract made by the county board for its purchase should be enjoined as void.

Order affirmed.

STONE, JUSTICE (dissenting).

Were I able to agree that decision should be upon procedural grounds, I could easily concur in the result. But record and argument have given us all the material needed for decision on the merits. My opinion is that decision should go accordingly.

The opinion gives the assignments of error all the functions of a pleading in a new case. Thereby is again illustrated how an ancient and outmoded concept may improperly control judicial action. This method of decision throws back to the ancient days when a writ of error was considered in the nature of a bill of complaint against the trial court. Pound, "Appellate Procedure in Civil Cases," p. 35. There is no longer justification for permitting that notion, or any remnant of it, to influence decision.

Assignments of error are designed to aid the judicial process. To convert them into a bar to a just result is at least anomalous.

It is respectfully submitted that the decision overlooks two other important factors, one of law and one of fact.

The ignored legal factor is that plaintiff challenges the propriety of official, executive action. The county commissioners have the benefit of an initial presumption of official rectitude. That presumption made for them a *prima facie* case. That aside, the burden of proof all the way through was on plaintiff. Hence he should not prevail in the absence of evidence establishing misconduct vitiating the challenged contract.

The element of fact which, it is respectfully submitted, this decision ignores is that there is abundant evidence, admitted without objection (Record, p. 45, *et seq.*) that the addressograph machine is the only one that will print *in one operation* all the copies of tax statements needed in the office of the county auditor and treasurer. Both the addressograph machine and its competitor

(on behalf of the manufacturer of which this action appears to be brought) are patented articles.

That brings us to the application of the statute upon which plaintiff relies, Mason St. 1927, § 991. The theory of decision below was that that statute should be construed and applied literally. If that were so, the decision would be unassailable.

The trouble with such literal interpretation is that it would result in an absurdity which the legislature could not have intended. In the case of an article subject to the monopoly created by a patent, there is normally no opportunity for competition. The purpose of a patent is to protect the patentee from competition. It is unthinkable that any legislature could have intended to prohibit county boards from purchasing, when needed, patented articles. It cannot be assumed that the purpose of such a statute is "to declare that no power should be exercised, or work done, or supplies furnished, unless of a character that would admit of competitive bids." In re Dugro, 50 N. Y. 513, 517; Connecticut ex rel. City of Stamford v. Board of Purchase and Supplies, 111 Conn. 147, 149 A. 410. The following cases in which governmental agencies have been permitted to specify patented or exclusively controlled materials in letting road construction contracts are examples of liberal interpretations of competitive bidding statutes. Saunders v. Iowa City, 134 Iowa, 132, 111 N. W. 529, 9 L.R.A.(N.S.) 392; Holmes v. Common Council of Detroit, 120 Mich. 226, 79 N. W. 200, 45 L. R. A. 121, 77 A. S. R. 587; In re Dugro, 50 N. Y. 513; Hobart v. City of Detroit, 17 Mich. 246, 97 Am. D. 185; Sanborn v. City of Boulder, 74 Colo. 358, 221 P. 1077; Litchfield v. City of Bridgeport, 103 Conn. 565, 131 A. 560; Wurdeman v. City of Columbus, 100 Neb. 134, 158 N. W. 924; Burns v. City of Nashville, 142 Tenn. 541, 221 S. W. 828; Eckerle v. Ferris, 175 Okl. 107, 51 P. (2d) 766; 46 L.R.A.(N.S.) 992; 77 A. L. R. 702. Those cases represent the weight of authority as to how competitive bidding statutes should be construed and express what appears to me the better view.

We have never heretofore, had occasion to pass upon the question of statutory construction now presented. My submission is that we should not evade it and that the holding should be that where the best interests of the county or city will be served by the purchase of a patented article, obtainable from only one seller and performing a particular operation in a manner different from and more desirable than that promised by any similar appliance, the statute requiring competitive bidding does not apply. Baird v. Mayor of New York, 96 N. Y. 567; Silsby Mfg. Co. v. City of Allentown, 153 Pa. 319, 26 A. 646; Addressograph Sales Agency v. County of Luzerne (Pa.) 32 Luz. Leg. Reg. 444; Connecticut ex rel. City of Stamford v. Board of Purchase and Supplies, 111 Conn. 147, 149 A. 410; *cf.* Victora v. Village of Muscoda, 228 Wis. 455, 279 N. W. 663; Reiter v. Chapman, 177 Wash. 392, 31 P. (2d) 1005, 92 A. L. R. 828.

In my opinion there should be a reversal with directions for the entry of judgment for defendants. If for procedural reasons we should not so terminate the case, there should be at least a reversal, with order for a new trial on additional evidence. That assumes that the construction of the statute for which I contend is the correct one. If it is, the result of this decision will be a miscarriage of justice, which could be easily prevented by decision upon the merits rather than technicalities of procedure.

The record shows that the county commissioners caused much investigation to be made before they purchased the machine in question. Presumptively their action was lawful. The burden is upon plaintiff to establish every element needed to show illegality. He failed to do so. He made no effort to show that the machine purchased by the county was in the field of competition to which the statute is confined.

PETERSON, JUSTICE (dissenting).

I concur in the dissent of Mr. Justice Stone.