# RICHARD BARNES v.
# REYNOLD HAMMERSCHMIDT AND OTHERS.

182 N. W. (2d) 875.

January 15, 1971—No. 42448.

*Gordon Rosenmeier* and *John E. Simonett,* for appellant Fadness.

*Quinlivan, Williams, Johnson & Quinlivan,* for other appellants.

*John F. Fletcher,* for respondent.

OTIS, JUSTICE.

This action arises out of an automobile accident involving three vehicles which occurred on August 18, 1967, in Sherburne County. Plaintiff seeks to recover damages for personal in-

juries. The trial commenced on September 16, 1969. The court submitted the issue of plaintiff's contributory negligence, and the jury returned verdicts in favor of defendants. Following our decision in Peterson v. City of Minneapolis, 285 Minn. 282, 173 N. W. (2d) 353, rendered on December 10, 1969, the trial court granted a new trial, reciting as an error of law the court's failure to submit the question of comparative negligence. Defendants appeal from that order.

The legislature by L. 1969, c. 624, which is codified as Minn. St. 604.01, abolished contributory negligence and adopted comparative negligence "effective in any action the trial of which is commenced after July 1, 1969." The question of whether the retroactive effect of the comparative negligence rule was constitutional was being litigated when the case at hand was tried. In the Peterson decision we ultimately held the effective date valid.

The only issue before us is whether plaintiff has consented to try the matter on the theory of contributory negligence and thus the court's charge has become the law of the case, or whether plaintiff made timely and appropriate objection which preserved his right to submit the case under the comparative negligence doctrine. We have concluded that plaintiff adequately protected his record and therefore affirm.

Before the jury was selected, the court advised counsel that the judges in his district would apply the contributory negligence rule until this court clarified the matter. Counsel for plaintiff thereupon stated: "I would like the record to show also that you are in personal disagreement with us, as you stated." The court thereupon acknowledged that he had indicated at pretrial he would apply the comparative negligence rule but decided to defer to his colleagues in the matter. At the conclusion of the trial, counsel for defendant Fadness stated:

"Defendant Fadness would move that the Court submit the case on the theory of Comparative Negligence, either as the law

of the case or in an advisory role as Mr. Quinlivan suggested—either way."

The trial court said that unless counsel could agree, he would submit the matter on the theory of contributory negligence, to which plaintiff's counsel responded:

"I would like the record clear that I have and do request that the Court submit this without qualification on the basis of Comparative Negligence."

When asked by counsel for defendant if he objected to the court's submitting contributory negligence, plaintiff's counsel answered, "Yes." There followed a colloquy in which counsel for defendant Fadness remonstrated with plaintiff's counsel for insisting on going to trial before the question was finally settled. The trial court thereupon charged the jury on the issue of contributory negligence and verdicts for defendants were rendered.

On this record, defendants assert that plaintiff's statement of "personal disagreement" with the court prior to trial was not a clear-cut objection adequate to negative consent, citing Starks v. Starks, 220 Minn. 313, 316, 19 N. W. (2d) 741, 743, where we said:

"* * * Orderly procedure demands that some challenge, other than mere argument, be made to the court's ruling before there can be a review of the ruling in this court."

Unlike the Starks case, where the plaintiff accepted the court's ruling, the plaintiff here not only expressed his "disagreement" but precisely and specifically objected before the matter was submitted. We think there has been compliance with Rule 46, Rules of Civil Procedure, which provides that "it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor."

Nor do we find merit in defendants' claim that it was incum-

bent on plaintiff to consent to a continuance until the issue was decided by this court. We fail to see how defendants were misled by plaintiff's position or in what manner they were prejudiced by plaintiff's asserting his right to go forward with the trial. The court was willing to submit comparative negligence by stipulation of counsel but counsel for two of the defendants refused to acquiesce in this disposition. Under these circumstances, it was clearly the duty of the court to grant a new trial.

Affirmed.