E. E. MANLEY v. P. L. CONNOLLY, DOING BUSINESS AS CONNOLLY CONTRACTING COMPANY.[1]

May 4, 1923.

No. 23,379.

Collision with defendant's truck—evidence would justify verdict for him.

1. In an action to recover damages resulting from a collision between plaintiff's automobile and defendant's motor truck, where the complaint charged defendant with negligence and the answer charged plaintiff with contributory negligence, the evidence would justify a jury in finding for defendant upon either issue.

If charge was inconsistent, counsel should call it to court's attention.

2. If the instructions on the subject of contributory negligence were inconsistent, it was the duty of counsel to call the court's attention to the inconsistency in order that it might be corrected before the jury retired.

Objection and exception necessary to permit assignment of error.

3. If of the opinion that a remark made by the trial judge in the course of the trial was improper and prejudicial, it is the duty of counsel to object and reserve an exception if the objection is disregarded, otherwise the remark cannot be made the basis of an assignment of error on appeal to this court.

[1]Reported in 193 N. W. 590.

Errors not affecting substantial rights to be disregarded.

> 4. If the rulings on the admission of evidence of which appellant complains were erroneous, they did not affect his substantial rights and the error, if any, must therefore be disregarded. Section 7789, G. S. 1913.

Action in the district court for Ramsey county to recover $1,348 damages to plaintiff's car and injury to his wife resulting from negligent operation of defendant's motor truck. The case was tried before Haupt, J., who at the close of the testimony denied defendant's motion for a directed verdict and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Charles H. Winter,* for appellant.

*Hoke, Krause & Faegre,* for respondent.

LEES, C.

By this action plaintiff seeks to recover damages suffered as the result of a collision between his automobile and defendant's motor truck. The complaint charged defendant with negligence in the management and operation of its truck. The answer denied negligence and charged plaintiff with contributory negligence. The trial resulted in a verdict for defendant and plaintiff has appealed from the denial of his motion for a new trial.

Plaintiff is not represented on this appeal by the counsel who tried his case, but by new counsel.

1. One of the assignments of error goes to the sufficiency of the evidence to support the verdict. The accident happened at about 8 o'clock in the evening of July 14, 1921, where a public highway, known as the Gervais road, joins the White Bear road near St. Paul. The White Bear road was being paved and was not open for travel. The pavement had been laid at the junction of the two roads and was 10 or 12 inches higher than the unpaved portion of the White Bear road, because the "shoulders" on either side were yet to be put in place. The edges of the pavement were like the curbing on a street, and hence an automobile could not be driven from the Gervais road onto the pavement.

Defendant was engaged in hauling paving materials from St. Paul to the White Bear road. It used trucks, which were driven over the Gervais road and thence on the pavement to the place where the materials were needed. In order to get on the pavement, the trucks were driven up and over a gravel fill upon which some planks had been laid. While driving with his wife and an acquaintance, plaintiff came to the Gervais road, turned into it and drove to the White Bear road, which he intended to take to go to Phalen Park in St. Paul. He overtook defendant's truck and followed it to the White Bear road. On reaching that road the truck driver turned to his left and drove over the gravel fill to get on the pavement, but failed because the planks had been crushed into the gravel by other trucks. He testified that he stopped, but was unable to hold the truck by applying the brakes because it was on an upgrade, and that it began to back slowly down upon the Gervais road. In the meantime plaintiff had discovered that he could not go ahead and get upon the White Bear road, and stopped somewhere behind the truck. He estimated the space between him and the truck at 20 or 25 feet. The truck driver estimated it at 12 feet. Asked why he stopped, plaintiff answered that it was because he could not go ahead, but had to go where the truck was going and intended to follow it after it was out of his way. There is a dispute in the evidence as to whether the truck ran down the incline because the brakes would not hold, or because the driver intentionally backed down. As soon as plaintiff grasped the situation he tried to back his car out of the way, but in the excitement of the moment he "killed" his engine and the truck ran against his car. He attributed the collision to the truck driver's failure to look back and to defective brakes on the truck. The driver testified that with brakes working perfectly and under the conditions existing at the time and place of the accident, the truck could have been stopped in the space of 7 or 8 feet; that brakes on trucks hauling gravel are never perfect because gravel gets into the linings; that he saw plaintiff's car behind him when the truck began to go back and used his best efforts to stop, but to no avail.

The foregoing is a condensed statement of the evidence. From a consideration of the entire record, we conclude that the evidence would permit a jury to find for either party on each issue made by the pleadings. The responsibility for determining the facts rested upon the jury. Plaintiff failed to satisfy them that defendant was to blame, and, with respect to the issues of fact, that is the end of the case.

2. In charging the jury, the court used this language:

"If you should find that both of these parties failed to exercise reasonable care and that such failure was a contributing cause of the accident, then the plaintiff would not be entitled to recover and your verdict should be for the defendant, because our law is that if a man comes into court charging another with negligence and for such negligence asks for damages, he must show himself free from negligence which helped to produce the damages for which he seeks to recover."

Later in the charge, the court said:

"Plaintiff brings this action, and upon him rests the burden of proof of satisfying you by a fair preponderance of testimony of the truth of the allegations of his complaint; that is, that this defendant was in fact guilty of negligence which was the direct and proximate cause of his injury. On the other hand, the burden of proof is upon the defendant to satisfy you by a preponderance of testimony that the plaintiff was guilty of contributory negligence."

The following exception was taken:

"Plaintiff excepts to the charge of the court wherein the court submitted to the jury a general charge of contributory negligence, not limiting the same to the specified contributory negligence contained in the answer of the defendant."

Plaintiff asserts that he is entitled to a new trial for error in the portion of the charge first above quoted. Defendant's answer is that all the court meant to say was that one who charges another with negligence cannot get damages if his own negligence helped to bring about the injury of which he complains; that this is a correct

statement of the law of negligence, and that the second quotation from the charge is a correct statement of the rule that the burden of proving defendant's negligence rests on the plaintiff and the burden of proving plaintiff's contributory negligence rests on the defendant. Plaintiff replies that nevertheless the two statements are in irreconcilable conflict and hence the jury may have been misled into the belief that, before he was entitled to their verdict, plaintiff must prove that he himself was free from negligence. If such was the belief of counsel who tried the case for plaintiff, he should have said so before the jury retired and asked the trial judge to clear the matter up. He failed to do so, his only exception being directed to the point that the court had not limited consideration of the defense of contributory negligence to the allegations of the answer specifying in what it consisted. We apply the rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, recently discussed in Esterly v. Hoppin, 135 Minn. 1, 5, 159 N. W. 1069, and hold that plaintiff is not in a position to take advantage of the alleged error in the instructions.

3. One of the grounds of the motion was irregularity in the proceedings of the court which prevented plaintiff from having a fair trial. This is repeated in the assignments of error. The brief informs us that it was plaintiff's purpose thereby to question the propriety of a remark made by the trial judge in ruling on the admission of certain evidence. Plaintiff was attempting to prove that other people traveled the Gervais road on the evening of the accident. In sustaining an objection to this line of evidence, the court said that the testimony was that this road had been temporarily closed by the state authorities so that any person using it would use it at his own risk. There was no objection to the remark and no exception was taken. There should have been if it was thought that the remark was improper and prejudicial to plaintiff. 2 Dunnell, Minn. Dig. § 7098. But this aside, we see no merit in the complaint, for plaintiff's counsel, by his cross-examination of a state highway engineer, had elicited testimony that the road was officially closed and that this meant that if it was traveled at all it was at

the driver's risk, and no other evidence on the subject was introduced.

4. The refusal of the court to sustain plaintiff's objections to three questions asked in the cross-examination of one of his witnesses and one question asked in the direct examination of a witness for defendant, is the basis of the remaining assignments of error. All the questions related to matters of no great importance and the answers were not at all likely to affect the result of the trial. Without stopping to consider whether the rulings were right or wrong, we apply the statutory rule which directs courts, in every stage of an action, to disregard all errors which do not affect the substantial rights of the party complaining of them. Section 7789, G. S. 1913.

Order affirmed.