MONTANA–DAKOTA UTILITIES COM-
PANY, a corporation, Plaintiff
and Appellant,

v.

Edward D. CULVER, a widower; Henry
Sabo; and Stanolind Oil and Gas Com-
pany, a corporation, Defendants and Re-
spondents.

No. 7648.

Supreme Court of North Dakota.

Jan. 18, 1957.

Reichert & Reichert, Dickinson, Raymond Hildebrand, Glendive, Mont., and Cox, Pearce & Engebretson, Bismarck, for plaintiff and appellant.

Mackoff, Kellogg, Muggli & Kirby, Dickinson, for defendants and respondents, Edward D. Culver and Henry Sabo.

MORRIS, Judge.

This is an action in eminent domain brought pursuant to Chapter 32–15, NDRC 1943 whereby the plaintiff, a public service corporation, seeks to acquire an easement across the Northwest Quarter of Section 24, Township 140, Range 95 in Stark County, North Dakota, for the purpose of constructing an electric power line. It is one of a group of six appeals in cases brought by the plaintiff in Stark County for the acquisition of easements over various tracts of land. They were all tried together and this opinion will dispose of most of the questions involved in the other cases in this group. Seven similar actions were tried in the District Court of Dunn County of which Montana-Dakota Utilities Company v. Amann, N.D., 81 N.W.2d 628, is the leading case.

The proposed line will run from Beulah, North Dakota, diagonally across country a distance of 55 miles to Dickinson, North Dakota. The plaintiff seeks an easement over a strip of land 50 feet wide, 2977.9 feet long, containing 3.42 acres. It runs diagonally across the quarter section from northeast to southwest between the east and west boundaries. The defendant Edward D. Culver is the owner of the tract over which the easement will cross. Henry Sabo is his tenant and the Stanolind Oil and Gas Company is the lessee of an oil and gas lease. The latter defendant answered consenting to the entry of a judgment in eminent domain without allocation of damages

"except that plaintiff shall indemnify and hold this answering defendant

harmless from any and all losses, damages, injuries, claims and causes of action arising out of, incident to or in connection with plaintiff's operations on the land covered by this action so long as the right-of-way, easement and rights acquired by virtue of this action shall remain in effect."

The answer of the defendant Culver, in addition to a general denial, alleges that the value of the real estate involved is $50 per acre; that the construction of the power line will cause great inconvenience in the operation of his farm which is laid out and is being farmed under a contour strip method and that the power line will create additional hazards with the result that the defendants Culver and Sabo will suffer damages to the premises taken to the extent of $1,000; for loss of crops, $300; for the use of the property during construction of the line, $200; for damages to the remainder of the unit and for severance damages, $1,000.

The trial court determined that the construction of a power line was necessary and his finding to that effect is not challenged on this appeal. The question of damages was tried to a jury who returned a verdict in favor of the defendant Culver and against the plaintiff for damages for taking the 50-foot easement or right of way in the sum of $256.50 and assessed damages to the remainder of Culver's property not taken in the sum of $775. Judgment was entered April 28, 1956, on the findings of the court and the verdict of the jury.

Prior to the entry of judgment a motion for a new trial on behalf of the plaintiff was made and denied. The plaintiff appealed from those parts of the judgment awarding damages for the taking of the easement and awarding damages for injury to the property not taken. It also appealed from the order of the trial court denying plaintiff's motion for a new trial.

The specifications of error on appeal are identical with those that were before the trial court on the motion for a new trial, with the exception of one specification that pertains to an ex parte order entered after the judgment. The scope of our review is limited to the consideration of matters presented by proper specifications. This brings us to the threshold question of the sufficiency of the specifications of error.

Section 28–1809, NDRC 1943 requires that a party desiring to make a motion for a new trial must serve with the notice of motion a concise statement of the errors at law of which he complains and if he claims the evidence is insufficient to support the verdict or is of such character that the verdict should be set aside as a matter of discretion, he shall so specify. It further states:

"A specification of insufficiency of the evidence to sustain the verdict or decision of the court shall point out wherein the evidence is insufficient and it shall be proper to include in such specification, specifications of facts conclusively established, together with the facts claimed not to be established, in such manner as to show intelligently wherein, on the whole case, the verdict or decision is not supported by the evidence."

The plaintiff and appellant specifies that the court erred in matters of law in admitting incompetent and immaterial evidence offered on behalf of the defendants which was prejudicial to the plaintiff. But it has failed to set forth a concise statement of the errors at law of which it complains. The specifications contain only general statements with respect to the admission of evidence. No specific rulings of the court are challenged. For example, it is stated that the court

"Permitted the Defendant, Edward D. Culver, over the objection of the Plaintiff that said testimony was incompetent and irrelevant, to testify to speculative, conjectural and future

damages to the strip of land over which the Plaintiff seeks to erect its power line and upon which it is asking an easement, which testimony, by reason of its speculative and conjectural nature, was wholly incompetent and immaterial."

It has long been the holding of this court that under the statute above referred to

"A party who assails the rulings of a trial court in the admission or exclusion of evidence either by motion for a new trial or on appeal must specify the particular ruling or rulings which are claimed to be erroneous." O'Dell v. Hiney, 49 N.D. 160, 190 N. W. 774.

It was further said in that case:

"There was no attempt to designate any particular ruling or rulings. Nor was there even a reference to the place in the record where such ruling or rulings might be found. In order to have ruled intelligently on the proposition, the trial court would have been required to explore the entire record for the purpose of finding, if possible, the particular ruling or rulings characterized by the general specification."

The appellant's specifications suffer from these same defects. We reach the conclusion that no errors at law were properly specified and presented to the trial court on the motion for a new trial and there are therefore no errors at law with respect to the admission of evidence on the part of the trial court now before us for review.

■ We next consider the appellant's attempt to specify the insufficiency of the evidence to justify the verdict as a ground for new trial. Here again the appellant does not meet the requirement of the statute that it shall point out to the court wherein the evidence is insufficient, but merely states:

"that there was no competent or material evidence before the jury:

"(a) As to the actual and present damage to the fifty (50) foot strip required for the Plaintiff's easement,

"(b) As to any severance of the tract upon which the easement is sought, and

"(c) As to any actual present damage to the balance of such tract."

It should be noted that by this specification the appellant does not contend that there is no evidence before the jury to support the verdict but only that there is no competent or material evidence before the jury. This specification would require the trial court to review all of the testimony and comb the record for evidence as to the three points mentioned in the specification and then determine whether that evidence was competent or material regardless of whether it had been objected to or not. Obviously such a task does not come within the duty of the court on a motion for a new trial. Robbins v. Robbins, N.D., 70 N.W.2d 37; Jacobs v. Bever, 79 N.D. 168, 55 N.W.2d 512; Mann v. Policyholders' National Life Insurance Co., 78 N.D. 724, 51 N.W.2d 853; Enget v. Neff, 77 N.D. 356, 43 N.W.2d 644; Haslam v. Babcock, 71 N.D. 363, 1 N.W.2d 335; Cary Manufacturing Co. v. Ferch, 67 N.D. 603, 275 N.W. 255; Feil v. Northwest German Farmers' Mutual Insurance Co., 28 N.D. 355, 149 N.W. 358; Nevland v. Njust, 78 N.D. 747, 51 N.W. 2d 845.

■ The appellant also specifies that the verdict as to damages is excessive in that the jury allowed and assessed the damages under the influence of passion and prejudice. The memorandum of the trial court indicates that under this specification he reviewed the evidence and as to the amount of damage that the defendant Culver sustained by reason of taking of the easement over the 50-foot strip and the damages sustained by the remainder of the farm unit he reached the conclusion that

the award was supported by credible evidence and should not be disturbed.

Under paragraph 5 of Section 28–1902, NDRC 1943 a new trial may be granted for

"Excessive damages appearing to have been given under the influence of passion or prejudice, but when a new trial is asked for on this ground and it appears that the passion and prejudice affected only the amount of damages allowed and did not influence the findings of the jury on other issues in the case, the trial court, on hearing the motion, and the supreme court, on appeal, shall have power to order a reduction of the verdict in lieu of a new trial, or to order that a new trial be had unless the party in whose favor the verdict was given remits the excess of damages; * * *."

The only issue before the jury was the amount of damages. Under this ground for a new trial the plaintiff was entitled to have the trial court examine the evidence to determine whether or not the damages were excessive and if they were to determine the further question as to whether or not they appeared to have been given under the influence of passion or prejudice. This the trial court has done and has refused to disturb the verdict. On appeal to this court the appellant is entitled to a review of the determination of the trial court in this respect. In approaching that review however we would bear in mind that a motion for a new trial on the ground of excessive damages appearing to have been given under the influence of passion and prejudice is addressed to the sound judicial discretion of the trial court. State for Benefit of Workmen's Compensation Fund of North Dakota v. Northwest Nursery Co., 66 N.D. 704, 268 N.W. 689; Kohler v. Stephens, 74 N.D. 655, 24 N.W. 2d 64. And to warrant the granting of a new trial on that ground the amount of the verdict must appear to be so large as to induce the belief that the jury were actuated by passion or prejudice. Loveland v. Nieters, 79 N.D. 1, 54 N.W.2d 533; Dahl v. North American Creameries, N.D., 61 N.W.2d 916. This court on appeal will not reverse an order of the trial court granting or denying a motion for new trial on the ground that damages appear to have been given under the influence of passion or prejudice unless a manifest abuse of the discretion of the trial court is shown. Moe v. Kettwig, N.D., 68 N.W.2d 853.

■■ The appellant has in its brief argued at some length what it contends to be proper measures of damages that should be applied in the determination of the amounts to be awarded for the strip of land over which the easement is taken and for injury sustained by the balance of the tract through which the easement has been acquired. In some instances these arguments constitute oblique attacks upon the instructions of the court. However, the plaintiffs requested no instructions and none of its specifications of error challenge the correctness of the instructions that were given. Those instructions therefore are the law of the case and in considering whether the damages are excessive we will apply the law as given in the instructions under which the damages were awarded by the jury. McCullagh v. Fortune, 76 N.D. 669, 38 N.W.2d 771; Schmidt v. Carpenter, 27 S.D. 412, 131 N.W. 723, Ann.Cas.1913D, 296; Mellquist v. Dakota Printing Co., 51 S.D. 359, 213 N.W. 947; South Carolina Power Co. v. Baker, 212 S.C. 358, 46 S.E.2d 278; Lee v. Gidley, 252 Ala. 156, 40 So.2d 80; 53 Am.Jur., Trial, Section 844; 89 C.J.S., Trial, § 510.

The trial court, after describing to the jury the easement to be taken, advised them that the only questions to be determined were:

"first, the actual value of defendants' right or interest in the 50-foot strip sought to be taken by the plaintiff for the purpose as already described, and

second, the damage, if any, to the remainder of their property by reason of such appropriation."

With reference to the measure of damages to be applied the court said:

"The measure of damage for a taking of an easement over property in the exercise of eminent domain is an amount sufficient to compensate the defendant for the damage done to his interest in the property appropriated to the uses of the plaintiff at the time of trial. The damages found by you must therefore be directed to the present and not to the future values of the interest condemned; to its value for uses to which it was or could reasonably be applied or for which it had some natural adaptation or special fitness. Such measure of damages must be determined by the depreciation in value of the interest the defendant or defendants had in the property before the taking and not by the value the easement might have to the plaintiff. In determining the amount of compensation for such easement over and across such strip of land of each defendant or defendants, you may consider the actual present value of such tract or strip of land immediately before the taking and its actual value immediately thereafter with the lines erected thereon. The difference will be such compensation or damages. When you have determined such amount from a fair preponderance of the evidence in each case, you will award the defendant or defendants in each case such sum.

"The second element of damage, if any, is that which may be suffered by the defendant or defendants in each case to the remainder of his or their land by reason of the taking of an easement over and across said tract or strip for the purposes aforesaid. If you find from a fair preponderance of the evidence that the remainder of de-

fendant's or defendants' land, not including the 50-foot strip, has been or will be damaged by reason of the taking of such strip, you will determine from the evidence how much of such land of the defendant or defendants has been or will be so depreciated. What is the difference, if any, between the actual value of the entire remaining tract or tracts of land and its present actual value after said lines have been constructed across such land. The difference will be the damage, if any, arising under the second element of damage, and you will award such sum also to the defendant or defendants in each case. If the defendant owner or owners in any case have failed to prove such damage, if any, in his or their case, by a fair preponderance of the evidence, then you will award him or them nothing on this count.

"In either instance nothing should be allowed for imaginative or speculative damages or such remote or inappreciable damages as the imagination may conjure up and which may or may not arise at all in the future; 'just compensation' means compensation for real, not speculative, damages.

"If it appears from the evidence that such easement across such land of any defendant or defendants will divide it or cut it into inconvenient shapes for farm purposes, you may consider this as an element in determining whether the remaining land not taken has been depreciated in value, and if so, the amount, if any.

"You may consider, also, damages done, if any, to growing crops, structures, fences, and trees, if any."

Without expressing approval or disapproval of the instructions as given but accepting them as the law of the case we proceed to the question of excessive damages.

The easement is perpetual and is taken for the purpose of constructing, maintaining, operating, and repairing an electric power line thereon. The defendant Culver testified that his farm consisted of five quarter sections of land or 800 acres. He described the quarter section across which the easement was taken as being slightly rolling. The soil on the greater part of that land is very good and produces very good crops. Some points on the land are high but not where the easement goes through. It goes through the better part of the quarter section. He grows on this land wheat, oats, corn, alfalfa, and barley under a method known as contour stripping. Under this method the land is summer fallowed and cropped in alternate strips. These strips do not form straight directional lines but follow the contour of the rolling land. The easement runs diagonally across the quarter section and cuts through five strips of summer fallow and three of alfalfa. The value of the quarter section is $55 per acre. The value of the strip of land over which the easement runs is $75 per acre. He also testified that after the easement was taken the 50-foot strip of land would have no value because of the interference of the structures on it with the operation of his farm machinery and interference with the contour method of farming.

Culver also testified that the easement with the power line erected thereon would depreciate the value of the remaining acreage of the quarter section $5 per acre. In this he was corroborated by the witness Fisher who testified that the value of the quarter section was $50 per acre and that the power line would depreciate it ten per cent or $5 per acre. Culver claimed no damage to other tracts or parts of his farm.

It also appeared that after the easement and highway right of way along the section line were deducted the remaining acreage was 155 acres. The verdict of the jury was undoubtedly based on the values given by Culver—$75 per acre for the land covered by the easement and $5 per acre for the land remaining in the quarter section.

The question that was before the trial court on the motion for a new trial and now before us is not what amount the judges would fix if they were members of the jury but rather was the amount of damages fixed by the jury so excessive that the verdict appears to have been given under the influence of passion and prejudice. The plaintiff produced no evidence challenging the values that Culver placed on his land. The plaintiff produced three witnesses in an effort to minimize the damage to the land not taken by the easement. Their testimony is weak and unconvincing. The only testimony that seriously challenges that of Culver is that which pertains to the use as farm land to which the 50-foot strip could be put after the erection of the power line. There is testimony that it could be sown down to grass or cultivated in part but there is no testimony except Culver's as to what the value of the fee would be after the easement has been taken and the power line erected. There is no evidence other than Culver's as to the value of the easement taken. The evidence of the plaintiff merely tends to show that a part of the strip could still be used for some agricultural purposes. The jury was left in the position where it could only speculate as to the value of the fee title remaining in Culver. The jury chose not to speculate but to accept Culver's testimony that the fee had no value after the easement was taken. In view of the state of the evidence it cannot be said that the jury in determining that the value of the easement equals the value of the land over which it was taken was actuated by passion and prejudice.

After plaintiff's motion for a new trial had been denied and after entry of judgment the plaintiff made an ex parte application for a further hearing on the motion for a new trial. That application the trial court denied by an ex parte order. The plaintiff has attempted to appeal from

that order. It is not an appealable order. Section 28-2702, paragraph 7, NDRC 1943. The attempted appeal presents nothing for review. The judgment and order denying a new trial are affirmed.

GRIMSON, C. J., and SATHRE, JOHNSON and BURKE, JJ., concur.