MONTANA–DAKOTA UTILITIES COM-PANY, a corporation, Plaintiff and Appellant,

v.

Peter G. HOERNER and Louise Hoerner, his wife, Cities Service Oil Company, a corporation, Skelly Oil Company, a corporation, Northwestern Improvement Company, a corporation, Defendants and Respondents.

MONTANA–DAKOTA UTILITIES COM-PANY, a corporation, Plaintiff and Appellant,

v.

Eugene F. PELTON and Florence V. Pelton, husband and wife, and Sinclair Oil and Gas Company, a corporation, Defendants and Respondents.

MONTANA–DAKOTA UTILITIES COM-PANY, a corporation, Plaintiff and Appellant,

v.

George R. VESTAL and Robert Lawrence, Defendants and Respondents.

MONTANA–DAKOTA UTILITIES COM-PANY, a corporation, Plaintiff and Appellant,

v.

Chris D. DECKER, a/k/a Christ D. Decker, C. D. Decker and Emma Decker, his wife,

Hugh Palmer, Jack Rouse, and Leon E. Thompson, Defendants and Respondents.

MONTANA–DAKOTA UTILITIES COM-PANY, a corporation, Plaintiff and Appellant,

v.

Fenn W. PELTON and Ella Louise Pelton, husband and wife, Eugene F. Pelton, Northwestern Improvement Company, a corporation, Sinclair Oil and Gas Company, a corporation, Defendants and Respondents.

Nos. 7643–7647.

Supreme Court of North Dakota.

Feb. 21, 1957.

Rehearing Denied March 15, 1957.

Reichert & Reichert, Dickinson, Raymond Hildebrand, Glendive, Mont., and Cox, Pearce & Engebretson, Bismarck, for plaintiff and appellant.

Mackoff, Kellogg, Muggli & Kirby, Dickinson, for defendants and respondents Eugene F. Pelton, Florence V. Pelton, George R. Vestal, Robert Lawrence, Chris D. Decker, Emma Decker, Fenn W. Pelton and Ella Louise Pelton.

Floyd B. Sperry, Golden Valley, for defendants and respondents Peter G. Hoerner and Louise Hoerner.

MORRIS, Judge.

These appeals embrace five actions which were tried together with Montana-Dakota Utilities Co. v. Culver, N.D., 80 N.W.2d 541. The pleadings with respect to contested issues are the same in all six actions except that different tracts of land are involved. The jury was given one set of instructions under which it rendered separate verdicts in each case. The evidence followed the same general pattern with respect to proof of damages claimed by each landowner. Some of the witnesses were the same in several of these cases.

A motion for a new trial on the same grounds was made in each case and an appeal taken from the order denying the motion and from those parts of the judgment which awarded damages for the taking of the easement and for injury to the remainder of the property. The specifications of error attempt to raise the same questions in each case. For reasons stated in Montana-Dakota Utilities Co. v. Culver, supra, rulings on the admission or exclusion of evidence and the sufficiency of the evidence to support the verdict are not before us for review. The instructions not being challenged, they are the law of the case. The only ground for new trial that is before us for review is:

"Excessive damages appearing to have been given under the influence of passion or prejudice, * * *." Paragraph 5, Section 28–1902, NDRC 1943.

In Montana-Dakota Utilities Co. v. Culver, supra, we considered this ground at length. The evidence pertaining to damages is similar in all of these cases. The principles to be applied are identical and their application falls within the framework of our decision in the above case. No useful purpose will be furthered by setting forth the evidence in each case at length. The trial court considered the question of excessive damages and determined that the motion for new trial should·be denied. We are agreed that under the instructions and the evidence in the record passion or prejudice on the part of the jury in any case does not appear. The result must be the same in all cases. The judgment and the order denying a new trial in each case are affirmed.

GRIMSON, C. J., and SATHRE, JOHNSON and BURKE, JJ., concur.