Gordon KERN, Plaintiff and Respondent,

v.

ART SCHIMKAT CONSTRUCTION CO., Inc., a South Dakota Corporation, Defendant, Third-Party Plaintiff, and Appellant,

v.

Cale DICKEY, Third-Party Defendant and Respondent.

No. 8016.

Supreme Court of North Dakota.

Dec. 18, 1963.

150

Anderson & Wolf, Bismarck, for plaintiff and respondent.

Conmy & Conmy, Bismarck, for defendant, third-party plaintiff, and appellant.

Zuger, Zuger & Bucklin, Bismarck, for third-party defendant and respondent.

STRUTZ, Judge (on reassignment).

This is an action for damages for personal injuries suffered by the plaintiff when the car in which he was riding, owned by him and operated by the third-party defendant, Dickey, was driven into a dropoff in the highway. The record discloses that the plaintiff, who is chief of police of the city of Bismarck, wanted to sell his 1958 Cadillac automobile. On the evening of September 23, 1959, he, with another Bismarck police officer, drove to New Salem for the purpose of attempting to sell his automobile to the third-party defendant who resided in that city. From the home of the third-party defendant the three went to a garage in downtown New Salem for the purpose of looking at a Chrysler which Dickey wanted to trade in on the plaintiff's automobile. After inspection of the Chrysler, Dickey suggested that if he were going to buy the plaintiff's car he should at least try it out. The three got into the plaintiff's Cadillac, with the third-party defendant doing the driving and the plaintiff sitting in the left of the rear seat immediately behind the driver.

Dickey drove the automobile out to U. S. Highway No. 10 which is located on the northern edge of New Salem. He drove west on No. 10 to the junction of North Dakota Highway No. 31 and then followed the latter highway north. The night was dark and the road was dry. After driving north on State Highway No. 31 for some two or three miles, the parties arrived at a construction area on the highway. The plaintiff testified that he was paying no particular attention to Dickey's driving because he himself was not acquainted with the road and that they were in Dickey's home area.

Highway No. 31 was a blacktop road approximately twenty-four feet wide. The third-party defendant was, in the opinion of the plaintiff and the other officer riding in the car, driving safely and carefully and within the legal speed limit.

There is conflicting evidence in the record as to the nature of the warning signs on the highway. The evidence produced on behalf of the plaintiff discloses that something which appeared to be the tailboards of a truck was suddenly observed on the right shoulder of the highway. The plaintiff's testimony further discloses that there was no illumination or lighting before the object, which was a warning sign, and that the sign was not one which would reflect the light of an oncoming vehicle.

Immediately after passing the object, which is claimed by the plaintiff to have been on the right shoulder of the highway, the blacktop ended and the road became rough and uneven. The driver slowed the vehicle and, because of the rough condition of the highway, did have some difficulty in maintaining control of it. While he was thus engaged, the automobile passed a long, thin object on the highway, which was placed a few feet off the ground. Being busy maintaining control of the car, the driver failed to read the lettering on this object, although it later was discovered to be a detour sign. The road beyond the object appeared to be broad and level.

At this point in the highway the roadway was gradually elevated for the purpose of forming an overpass above the new interstate highway which was being constructed. As conditions existed on the night in question, the road on which the plaintiff's car was being driven led to an abrupt dropoff since the bridge of the overpass had not yet been installed. The record further discloses that the dropoff could not be seen until the car actually fell over the edge of the dropoff.

No railing or barricade had been placed in front of this dropoff by the defendant, Schimkat, the contractor engaged in the highway improvement. The only warning signs erected were those previously indicated, the sign on the right shoulder of the highway which appeared before the blacktop ended and the long, narrow sign with the word "Detour" on it placed a few feet above the ground.

The evidence discloses that, under its contract, where the road was to be closed to public traffic for more than forty-eight hours, the defendant was required to erect a barricade sign across the highway. This was not done. The contract further provided that warning signs indicating detours were to be placed before any detour commenced, and there was evidence that no such sign had been erected in this case. The contract also provided that no less than two flares or flashers be placed before each highway warning sign. The record does disclose that there was one flare in front of the long, narrow detour sign which had been placed in the middle of the road, and there was evidence that this flare was weak and in fact did not illuminate the sign. The New Salem police chief, who testified for the plaintiff, stated that, while going to the scene after the accident and knowing that an accident had occurred, he nevertheless was unable to see the long, narrow detour sign until he was ten feet from it.

On the other hand, the defendant did produce evidence indicating that the driver of the plaintiff's vehicle should have been warned by the three signs which had been posted by the defendant, but that the driver of the plaintiff's vehicle paid no attention to such warning signs.

After the jury had returned a verdict for the plaintiff, the defendant moved for a new trial on the ground, among others, of insufficiency of the evidence. The trial court, in his memorandum opinion denying the defendant's motion for a new trial, said:

"  *   *   *   it appears to me that there was ample evidence to justify the verdict. Defendant himself testified to negligence in not protecting the public by a barricade. There was sufficient evidence to justify the verdict *   *   *."

From the judgment entered on the verdict of the jury in favor of the plaintiff and against the defendant, Art Schimkat

Construction Company, and from the judgment entered dismissing the third-party action against the third-party defendant, Cale Dickey, and awarding the third-party defendant costs, and from an order denying the defendant's motion for new trial, the defendant and third-party plaintiff has appealed to this court. In support of his appeal, the defendant has set out a number of specifications of error contending:

1. That the evidence was insufficient to justify the verdict;

2. That the plaintiff, as owner and the party in control of the operation of the vehicle involved in the accident, was guilty of contributory negligence as a matter of law;

3. That the damages awarded to the plaintiff were excessive; and

4. That the trial court was guilty of misconduct.

██   Whether a new trial should be granted on ground of insufficiency of the evidence to sustain a verdict lies in the sound, judicial discretion of the trial court when there is a substantial conflict in the evidence. Otter Tail Power Co. v. Malme (N.D.), 92 N.W.2d 514; Burdick v. Mann, 60 N.D. 710, 236 N.W. 340, 82 A.L.R. 1443.

██   Unless there is an abuse in the exercise of such discretion, the appellate court will not interfere with the action of the trial court in passing on such motion. Hoffman v. Berger (N.D.), 76 N.W.2d 515.

██   In the case now before the court there is a substantial conflict in the evidence, touching not only upon the defendant's negligence but also upon the question of the plaintiff's contributory negligence. The trial court saw and heard the witnesses who testified in the case. In the exercise of his sound, judicial discretion, he denied the defendant's motion for new trial. We have examined the record carefully and believe there is such a conflict in the evi-

dence that it cannot be contended that denying such motion was an abuse of discretion.

■ The defendant contends that the negligence of the driver, Dickey, must be imputed to the plaintiff since the plaintiff, as owner of the car, was presumed to have control over its operation. Even though the correctness of the defendant's contention on this point be conceded, the jury in this case found the driver, third-party defendant Dickey, not guilty of negligence, and that finding is supported by substantial evidence even though there is evidence which would have supported a finding of negligence on the part of such driver.

■ Where there is substantial conflict in the evidence, this court will not set aside the jury's finding of no negligence on the part of the driver nor will we set aside the order of the trial court denying motion for new trial on this ground.

The defendant also contends that the damages awarded by the jury are excessive, and that such damages indicate passion and prejudice on the part of the jury.

■ While the defendant assigns excessiveness of the verdict as a ground for new trial, he does not discuss this ground in his brief on appeal to this court. This court has held, on many occasions, that an error which appellant fails to support by argument in his brief need not be considered on appeal. Regent Cooperative Equity Exchange v. Johnston's Fuel Liners (N.D.), 122 N.W.2d 151; Moen v. Moen, 65 N.D. 40, 256 N.W. 254; Olson v. Armour & Co., 68 N.D. 272, 280 N.W. 200; Clark v. Josephson (N.D.), 66 N.W.2d 539.

■ Thus the question of excessiveness of the verdict need not be considered by this court on this appeal. We do point out, however, that there is a presumption that the jury was composed of fair-minded persons and that the verdict expressed their honest judgment. This presumption disappears only where the verdict returned is so excessive as to shock the sense of jus-

tice of the court. In such case, the court will and should conclude that the jury was improperly influenced by either prejudice or passion. Carpenter v. Village of Dickey, 26 N.D. 176, 143 N.W. 964; Booren v. McWilliams, 34 N.D. 74, 157 N.W. 698.

■ Such motion for new trial on the ground that the verdict was excessive is addressed to the sound, judicial discretion of the trial court, and this court will not set aside the determination of the trial court in the absence of a clear showing that such discretion was abused. Emery v. Midwest Motor Express, Inc., 79 N.D. 27, 54 N.W.2d 817; Montana-Dakota Utilities Co. v. Culver (N.D.), 80 N.W.2d 541; Lake v. Neubauer (N.D.), 87 N.W.2d 888.

■ We would point out that the verdict in this case is not so excessive as to shock the conscience of the court. The record discloses that the plaintiff was in the hospital for four or five days; that he was unable to work for a little more than a month; that he submitted to surgery on his elbow and that the injury continued to be painful after several months and that he had to submit to further surgery at that time; that the plaintiff still has trouble with his left leg; and that his teeth were injured and that he lost one tooth, making it necessary to have a bridge placed in his mouth.

The record further discloses that the automobile was of the reasonable value of approximately $4,200 immediately before the accident and approximately $1,250 immediately after the accident. Thus, of the $6,400 verdict, between $2,500 and $3,000 represented damage to the motor vehicle. The balance of the verdict for personal injuries to the plaintiff would not be so excessive as to indicate prejudice and passion on the part of the jury.

The final contention of the defendant, Schimkat, in support of his appeal is that the trial court was guilty of misconduct and that such misconduct prejudicially deprived the defendant of a fair trial. To support

this contention, the defendant points to certain statements made by the court in the presence of the jury. We have examined the statements of the court considered objectionable by the appellant. The statement which would appear to be the most objectionable is one made by the court in questioning a witness regarding a barricade which had been erected by the defendant on the highway. The following appears in the record:

"THE COURT: How about that barricade? There is one there, supposed to barricade the road, isn't it?

"MR. CONMY: That is the one that we just talked about. That is the one you are talking about. That had posts in the ground.

"THE WITNESS: Yes.

"THE COURT: In some cases they have these barricades that are moved around, don't they, that you can move readily?

"THE WITNESS: Yes, I believe they were using the temporary type on metal fence posts.

"THE COURT: *Will* you consider leaving that open without that barricade on and under the circumstances obtained at that time would you consider that was fair to the public to leave the barricade out?

"THE WITNESS: It wasn't completely open. There was a sign of some type in there at all times, not necessarily that one, but there would be a detour.

"THE COURT: When do you use this barricade?

"THE WITNESS: The top one we are talking about. That one up there. When the grading is done and waiting for the bridges to be built. The bridges weren't in yet.

"THE COURT: And during the time that the grading is on, then the public takes its own chances on that?

"THE WITNESS: I wouldn't say so.

"THE COURT: That's all."

■ It is true that a trial judge should take great care in making comments on any of the evidence so that he will not indicate by his questions any prejudice or bias in favor of or against any of the parties. When the court made the comments which the appellant objects to on this appeal, the defendant failed to object in any way to the court's remarks. The record is absolutely devoid of any indication that such short remarks were considered objectionable by the defendant. Apparently the defendant did not consider the court's remarks damaging or prejudicial at the time when they were made or he would have objected to them. But no objection was made until after the jury had brought in its adverse verdict.

■ A great majority of the appellate courts hold that where a party does not, during the course of the trial, object to the trial court's remarks in the presence of the jury, such party cannot thereafter complain thereof. Ordinarily, no error can be predicated upon the conduct of a trial judge to which no objection is made at the time. Starks v. Starks, 220 Minn. 313, 19 N.W.2d 741; Giraney v. Oregon Short Line R. Co., 54 Idaho 535, 33 P.2d 359; Payne v. Clark, 117 Neb. 238, 220 N.W. 262; Pittenger v. Salisbury & Almquist, 125 Neb. 672, 251 N.W. 287; Compton-Gardena Milling Co. v. McCartney, 69 Cal.App. 708, 231 P. 764; Morman v. City of Emmetsburg, 195 Iowa 627, 191 N.W. 156; Manley v. Connolly, 155 Minn. 343, 193 N.W. 590; Allied Van Lines v. Parsons, 80 Ariz. 88, 293 P.2d 430; Polioudakis v. City and County of San Francisco, 129 Cal.App.2d 137, 276 P.2d 126; Zaikaner v. Small, 256 Minn. 275, 98 N.W.2d 247.

Thus, if any of the remarks of the trial court which are now objected to by the appellant were prejudicial, the defendant waived any objection he had to such remarks by failing to object at the time the remarks were made.

We are of the opinion that the case was tried with due regard for the rights of both the plaintiff and the defendant, that it was fairly submitted to the jury, and that there is no reversible error in the record. The judgment of the district court therefore is affirmed.

MORRIS, C. J., and TEIGEN and BURKE, JJ., concur.

ERICKSTAD, J., not being a member of the Court at the time of submission of this case, did not participate.