Andrew **HELGESON** and Agnes C. Helgeson,
Plaintiffs and Respondents,

v.

Engvald **LOCKEN**, Defendant and
Appellant.

No. 8157.

Supreme Court of North Dakota.

Oct. 1, 1964.

Rehearing Denied Oct. 22, 1964.

Palda, Palda, Peterson & Anderson,
Minot, for appellant.

Joseph P. Stevens, Minot, for respondents.

**ERICKSTAD, Judge.**

Engvald Locken, as defendant, appeals from the judgment which was rendered on the verdict of the jury in favor of the plaintiffs and from the order denying the motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.

In their complaint the plaintiffs assert two causes of action. For their first cause of action they allege facts in support of their contention that they have suffered damages as a result of the unlawful and improper termination by Mr. Locken of a farm rental agreement. They conclude their first cause of action as follows:

> "That by reason of the unlawful and improper termination of the agreement by the defendant, the plaintiffs have been damaged in the sum of $1360.00 for cream they would have been able to sell, and the sum of $1500.00 for the plaintiffs' interest in cattle wrongfully taken from them. That by reason of the aforesaid, and by reason of the provisions of Section 32–03–29 the plaintiffs are entitled to damages in the sum of $8,586.00."

In the second cause of action they allege facts to support their contention that they are entitled to exemplary damages for the manner in which they were evicted from the premises by Mr. Locken on the termination of the contract. They conclude their second cause of action with the following:

> "That by reason of the aforesaid, the plaintiffs pray judgment from the defendant for exemplary damages in the sum of Ten Thousand ($10,000.00) Dollars."

To this complaint Mr. Locken filed an answer denying the major allegations of the complaint and asserting a counterclaim for damages allegedly suffered by him.

Both sides submitted testimony to support their allegations, and after each side had rested, the court instructed the jury. The instructions pertinent to the issue on appeal were to the effect that treble damages allowable for forcibly ejecting or excluding a person from the possession of real property are punitive damages.

## PUNITIVE DAMAGES FOR EVICTION BY MEANS OF FORCE OF AN UNUSUAL KIND

" 'Actual' or 'compensatory damages,' the terms being synonymous, are damages in satisfaction of, or in recompense for, the loss or injury or damage actually sustained, and no more. Plaintiffs are entitled to compensatory damages only, unless plaintiffs have clearly proved by a fair preponderance of the evidence that they were wrongfully evicted from the home they were occupying by force of an unusual kind, in which event plaintiffs are entitled to treble damages as punitive damages. 'Punitive damages' are penal in their nature and are imposed upon the defendant to punish him and to make an example of him to others as a wrongdoer. A North Dakota statute provides that for forcibly ejecting and excluding a tenant by means of force of an unusual kind from the possession of real property, the measure of damages is three times the compensatory damages, that is to say, three times such a sum as would compensate for the injury, damage, and detriment caused to the tenant by the wrongful eviction. Such statute is highly penal in its character and is subject to strict construction against the tenant and strict construction in favor of the landlord.

"The term 'forcibly ejecting and excluding a tenant' means force of an

unusual kind which tends to bring about a breach of the peace, such as an injury with a strong arm, or a multitude of people, or in a riotous manner, or with personal violence, or with threat or menace to life or limb, or under circumstances which would naturally inspire fear. So to authorize a recovery of treble damages for a forcible eviction from real property, it is necessary that the entry shall be forcible, but it is not necessary that the force shall be actually applied. It is enough if it is present and threatened, and is justly to be feared. The damages which may be trebled are the actual or compensatory damages sustained by the plaintiffs, and nothing can be trebled but what the jury has found to be the actual, compensatory damages."

In these instructions the court apparently had the provisions of Section 32–03–29, N.D.C.C., in mind:

"32–03–29. Damages for forcible exclusion from realty.—For forcibly ejecting or excluding a person from the possession of real property, the measure of damages is three times such a sum as would compensate for the detriment caused to him by the act complained of."

North Dakota Century Code.

In line with the court's thinking that the provisions of said section involved punitive damages, the court submitted to the jury three forms of verdict. The first form was entitled "Verdict for Plaintiffs for Compensatory Damages Only"; the second was entitled "Verdict for Plaintiffs for Treble Damages"; and the third was entitled "Verdict of Dismissal."

No challenge was made to these instructions nor to the jury forms which were made part of the instructions. The jury returned a verdict on the form entitled "Verdict for Plaintiffs for Compensatory Damages Only." The material portion of the verdict read as follows:

"We, the jury, duly impaneled and sworn in the above entitled action, do find in favor of the plaintiffs, Andrew Helgeson and Agnes C. Helgeson, and against the defendant, Engvald Locken, and we do hereby assess plaintiffs' damages in their favor and against the defendant in the total sum of Six Thousand Five Hundred Thirteen and 71/100 Dollars ($6,513.71) and we do further assess defendant Locken's damages against the plaintiffs in the total sum of One Thousand Five Hundred Forty-Eight Dollars ($1,548.00), and subtracting defendant Locken's damages from plaintiffs' damages, we find the difference or balance to be Four Thousand Nine Hundred Sixty-five and 71/100 Dollars ($4,965.71) in which amount we return a verdict for compensatory damages in favor of the plaintiffs and against the defendant."

The material portions of the verdict form entitled "Verdict for Plaintiffs for Treble Damages," which form was not used by the jury, read as follows:

"We, the jury, duly impaneled and sworn in the above entitled action, do find in favor of the plaintiffs, Andrew Helgeson and Agnes C. Helgeson, and against the defendant, Engvald Locken, and do hereby assess plaintiffs' actual or compensatory damages in their favor and against the defendant in the total sum of ——— Dollars ($——), and we do further assess defendant Locken's actual or compensatory damages in his favor and against the plaintiffs in the total sum of ——— Dollars ($——), and subtracting defendant Locken's damages from the plaintiffs' damages, we find the difference and balance to be ——— Dollars ($——) and three times said balance is ——— Dollars ($——), in

which treble sum we return a verdict for treble damages in favor of the plaintiffs and against the defendant."

[redacted] Instructions not objected to are the settled law of the case. Chicago, M., St. P. & P. R. Co. v. Johnston's Fuel Liners, N.D., 122 N.W.2d 140; Montana-Dakota Utilities Co. v. Hoerner, N.D., 81 N.W.2d 648.

As the court in its instructions considered treble damages to be punitive damages and as these instructions were not challenged, they are the settled law of the case and prohibit recovery for treble damages unless punitive damages were found by the jury to be proper. Here the jury returned a verdict for compensatory damages only. The verdict, therefore, can stand only if supported by proof of actual damages. Mr. Locken contends that this verdict could not include items of compensatory damages not pleaded, nor could it exceed the amount of compensatory damages requested in the prayer for relief, unless the pleadings and the prayer for relief were amended to conform to the evidence. No motion was made to amend the pleadings to conform to the evidence, and no such amendment was made.

[redacted] Contrary to the defendant's views, the pleadings do not limit the amount of the verdict, where the amount is justified by the evidence admitted without objection during the trial of the case.

"RULE 15. AMENDED AND SUPPLEMENTAL PLEADINGS

* * * * * *

"(b) Amendments to conform to the evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. * * *"

North Dakota Rules of Civil Procedure.

In regard to the prayer for relief, it has been held that damages may be given in excess of the amount demanded. Couto v. United Fruit Co., 203 F.2d 456 (2d Cir. 1953).

It is interesting in this regard to compare the provisions of Rule 8(a) of the North Dakota Rules of Civil Procedure with Section 28-0702 of the North Dakota Revised Code of 1943, which it superseded.

"RULE 8. GENERAL RULES OF PLEADING

"(a) Claims for relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

* * *

North Dakota Rules of Civil Procedure.

"28-0702. Complaint; What to Contain. The first pleading on the part of the plaintiff is the complaint. The complaint shall contain:

"1. The title of the cause, specifying the name of the court and county in which the action is brought, and the names of the parties to the action, plaintiff and defendant;

"2. A plain and concise statement of the facts constituting the cause of

action without unnecessary repetition; and

"3. A demand for the relief to which the plaintiff claims to be entitled. If the recovery of money is demanded, the amount thereof shall be stated."

North Dakota Revised Code of 1943.

It is to be noted that Subsection 3 of Section 28-0702 required that the amount be stated if recovery of money was demanded and that under Rule 8(a) there is no such requirement.

■ Both of these rules must be considered in the light of Rule 54(c) of the North Dakota Rules of Civil Procedure.

"RULE 54. JUDGMENTS—COSTS

\*　\*　\*　\*　\*　\*

"(c) Demand for judgment. A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in his pleadings.*" (Emphasis supplied.)

\*　\*　\*

North Dakota Rules of Civil Procedure.

In the instant case the plaintiffs apparently initiated their action on the theory that they were entitled to compensatory damages for losses in cream and cattle only and for a period of merely one year.

The theory of the case was changed and the scope of the action enlarged when the plaintiffs, without objection, offered evidence of losses in income from custom combining, from rental of the Eidet land, and from cream and cattle, all for a period

of approximately three years, which was the balance of the term of the lease.

■ As evidence beyond the scope of the pleadings was received without objection, the pleadings, including the prayer for relief, do not limit the amount of the verdict.

The defendant further contends that the verdict was the result of passion and prejudice of the jury and therefore should be set aside as excessive. In a decision rendered by this court in 1963, we said:

"\* \* \* there is a presumption that the jury was composed of fair-minded persons and that the verdict expressed their honest judgment. This presumption disappears only where the verdict returned is so excessive as to shock the sense of justice of the court. In such case, the court will and should conclude that the jury was improperly influenced by either prejudice or passion. Carpenter v. Village of Dickey, 26 N.D. 176, 143 N.W. 964; Booren v. McWilliams, 34 N.D. 74, 157 N.W. 698.

"Such motion for new trial on the ground that the verdict was excessive is addressed to the sound, judicial discretion of the trial court, and this court will not set aside the determination of the trial court in the absence of a clear showing that such discretion was abused. Emery v. Midwest Motor Express, Inc., 79 N.D. 27, 54 N.W.2d 817; Montana-Dakota Utilities Co. v. Culver (N.D.), 80 N.W.2d 541; Lake v. Neubauer (N.D.), 87 N.W.2d 888." Kern v. Art Schimkat Construction Co., N.D., 125 N.W.2d 149, at 153.

■■ When damages due to losses in income from custom combining, sales of cream, increase in livestock, and other miscellaneous items over a period of almost three years are considered, the amount of the verdict is amply supported by the evidence. Consequently, the verdict could not be said to be so excessive as to shock the

conscience of the court. We therefore find that the trial court did not abuse its discretion in denying the motion for a new trial.

It should be noted that the defendant assigned other specifications of error, but, as they were not supported by argument in his brief, they are deemed abandoned. Rule 8(b), Supreme Court of North Dakota, 76 N.D. xix; Mevorah v. Goodman, N.D., 68 N.W.2d 469; Regent Coop. Equity Exch. v. Johnston's Fuel Liners, N.D., 122 N.W.2d 151.

The judgment and order appealed from are affirmed.

MORRIS, C. J., and BURKE and TEIGEN, JJ., concur.

STRUTZ, J., did not participate.